Argued July 5, affirmed July 26, 1961

# FISCHER v. MILLER

363 P. 2d 1109

*Courtney R. Johns,* District Attorney, Albany, argued the cause and submitted a brief for appellant.

*Melvin Goode,* Albany, argued the cause and submitted a brief for respondent.

Before ROSSMAN, J., Presiding, and PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

O'CONNELL, J.

Plaintiff brings this suit to enjoin the sheriff of Linn County, Oregon from enforcing a county ordinance controlling the hunting of migratory water fowl. The defendant appeals from a decree declaring the ordinance unconstitutional and enjoining its enforcement.

The ordinance was enacted as an initiative measure by the voters of Linn county at the primary election on May 20, 1960 pursuant to Article IV, § 1-a of the Oregon Constitution which is commonly known as the "Home Rule Amendment," under which initiative and referendum powers are reserved to "every municipality and district as to all local, special and municipal legislation." The ordinance prohibits hunting of migratory birds by the aid of unharvested crops in excess of a certain acreage. The full text of the ordinance is set out in the margin.*

* CONTROLLING MIGRATORY WATER FOWL HUNTING
Purpose: To limit the taking of migratory water fowl in Linn County by the aid of or over unharvested domesticated crops; and providing a penalty.

A BILL FOR AN ACT

BE IT ENACTED BY THE PEOPLE OF LINN COUNTY, OREGON:

Section 1. That except when hunting on a public shooting ground managed by the Oregon State Game Commission or the United States Fish & Wildlife Service and except as hereinafter provided, it shall be unlawful to hunt, pursue, shoot, kill, capture, or take ducks, geese, or other migratory waterfowl from any place in Linn County, Oregon, by the aid of or over any unharvested, domesticated crop, whether growing, flooded, or damaged, including, but not limited to, corn, grain, seed, potatoes, rice, or wild rice, which tends to lure, attract or entice such waterfowl.

Section 2. An unharvested crop shall mean any crop matured to the state where it bears in recognizable form tubers, seeds, or grain, any portion of which crop has not been thoroughly and carefully severed and removed from the field in a good, husbandlike manner.

Section 3. Nevertheless, it shall be lawful to hunt, pursue, shoot, kill, capture, or take ducks, geese, or other migratory waterfowl from any place within the boundaries of any quarter section of land as established by Government survey, in Linn County, Oregon, with the aid of or over any unharvested, domesticated crop as above defined, when the following conditions all simultaneously exist:

(1) Within such quarter section there is a total area of not more than four acres in the aggregate of any such unharvested crops as above defined.

The ordinance is attacked by plaintiff on various constitutional grounds only one of which need be discussed because it is dispositive of the case. It is contended that through the enactment of statutes concerning the hunting and taking of game birds the state of Oregon has preempted the area of regulation covered by the ordinance. We are of the opinion that plaintiff's contention is sound. The Oregon State Game Commission is given extensive powers with respect to the regulation of hunting and taking of game, including migratory water fowl. ORS 496.160 provides in part as follows:

"496.160 General powers of commission. (1) The game commission has:

"(a) Full power and authority to formulate the general policies and programs of the state respecting the management, which, for the purposes of ORS 496.320 to 496.330, 496.415 and 496.505 includes protection, preservation, propagation and promotion of game fish, game animals, fur-bearing animals, other than domestic fur-bearing animals, game birds and nongame birds, other than domestic birds and fowls, within this state.

"(b) Such further general powers as are necessary to carry out the provisions, purposes and objectives of the statutes listed in paragraph (k) of subsection (1) of ORS 496.145.

"* * * * *

"(3) The game commission has such other powers necessary to fully carry out the purposes

(2) Within one mile of such quarter section there is no other quarter section in which there is a total area of more than four acres in the aggregate of any such unharvested crops as above defined.

(3) Within a radius of 650 yards from such place there is not an area of more than eight acres in the aggregate of any such unharvested crops as above defined.

Section 4. A violation of this law shall be punishable by a fine of not to exceed $500.00, or by imprisonment in the county jail for not more than thirty days, or both.

Section 5. In addition to the foregoing penalty, a violation hereunder by any person who has previously been convicted hereunder shall be punishable by forfeiture of all hunting privileges within the State of Oregon for a period not to exceed two years.

and intent of all laws pertaining to hunting, angling and trapping and game propagation, distribution, protection and promotion.

"(4) The game commission may make and declare such rules and regulations, and appoint such officers and employes as it deems necessary in the administration of its duties."

Further powers are delegated to the game commission in ORS 496.170 which reads as follows:

"496.170 Commission to regulate taking of game; times, places, methods, seasons, bag limits, refuges. The game commission shall, through the game director, make adequate investigation regarding the *supply* of game fish, game animals furbearing animals, game birds and nongame birds of this state and thereupon shall, by appropriate rules and regulations:

"(1) Prescribe the time, *place, method or means* by which game fish, game animals, fur-bearing animals, game birds and nongame birds may be taken, fix seasons and bag limits, open and close seasons on any species of game *in any specified locality or the entire state,* when it finds after adequate investigation that such action is necessary to assure maintenance of an adequate supply thereof.

"(2) Open or close streams or lakes or any designated part thereof to hunting, trapping or fishing.

"(3) Establish or abolish, and open or close to hunting, trapping or fishing, game refuges on public or private lands; provided that, before the refuges may be established on private lands, the consent of the landowner must be first obtained." (Emphasis added)

Assuming, without deciding, that Article IV, § 1-a authorizes the county to legislate upon a matter of such state-wide interest and concern as the hunting and taking of game, it is clear from the foregoing statutes

that the legislature has preempted the area of regulation with which the ordinance in question deals. The game commission is given *"full* power and authority to formulate the general policies and programs of the state" with respect to the "protection, preservation, propagation and promotion" of game, including game birds. ORS 496.160 (emphasis added). The broad and exclusive powers of the commission are re-emphasized in subsection (3) of ORS 496.160, which vests in the commission "such other powers necessary to *fully* carry out the purposes and intent of *all* laws pertaining to hunting, angling and trapping and game propagation, distribution, protection and promotion." (Emphasis added). It will be noted that this subsection specifically mentions the "distribution" of game, the very subject with which the ordinance in question purports to deal. ORS 496.170 further indicates the legislative intent to vest in the commission a pervasive power of regulation over the taking of game throughout the state. The statute contemplates that this regulation may relate only to a "specified locality" in the state.

We think that it is clear from the foregoing statutes that power to regulate the hunting and taking of migratory water fowl vested in the game commission was intended to be exclusive and that, therefore, Linn county had no authority to enact the questioned ordinance.

The decree of the lower court is affirmed.

McAllister, C. J., not participating.